UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MARKUS FALZ AND MARISSA FALZ,

    Plaintiffs,

v.

QBE SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL

The Defendant, QBE Specialty Insurance Company ("QBE"), by and through its undersigned counsel, hereby files this, its Notice of Removal of the above-styled cause pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446 from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida. In support, QBE states as follows:

### I.    THE STATE COURT ACTION

1. On or about May 16, 2023, the Plaintiffs, Marklus Falz and Marissa Falz (the "Plaintiffs"), filed this case against QBE in the circuit court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-012184-O (the "State Court Action"). Copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Composite Exhibit "A", in accordance with 28 U.S.C. § 1446(a).

2. At all material times, including at the time the case was filed and at the time of removal, the Plaintiffs have been citizens of Florida.

3. At all material times, including at the time the case was filed and at the time of removal, QBE has been a North Dakota corporation with its principal place of business the State of New York. QBE is therefore a citizen of North Dakota and New York.

4. On May 19, 2023, QBE was served with the Plaintiffs' Complaint in the State Court Action. This was the first time QBE received the Plaintiffs' Complaint.

5. The Plaintiffs' Complaint does not allege a specific damages amount; only that it exceeds Florida's $50,000 circuit court minimum. *See* A.

6. Additionally, the Plaintiffs filed a statutorily-required Notice of Intent to Initiate Litigation with the Florida Department of Financial Services. The Plaintiffs' Notice lists damages of $246,386.00. This amount is supported by the attached property damages repair estimates. This Notice, as well as its accompanying estimates, are attached as Exhibit "B".

7. At the time the Plaintiffs filed suit, QBE had determined that parts of the claim were not covered and the covered portions fell below the $20,000 deductible.

## II.   STANDARD OF REVIEW

8. Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees. 28 U.S.C. § 1332.

9. Where removal is sought on the basis of jurisdiction conferred by 28 U.S.C. §1332, the amount in controversy is the sum demanded in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

10. Where the state practice either does not permit or demand for a specific sum or permits recovery of damages in excess of the amount demanded in the initial pleading, removal is

proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.000, exclusive of interest and costs. 28 U.S.C. § 1446 (c)(2)(B). The district court may review the record for evidence that the disputed amount meets the jurisdictional requirements of 28 U.S.C. Section 1332(a).  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

11. A trial court's analysis of the amount-in-controversy requirement "focuses on how much money is in controversy at the time of removal". *Viamontes v. Scottsdale Inc. Co.*, 2021 U.S. Dist. LEXIS 238215 at *2 (S.D. Fla. Dec. 13, 2021); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Cf. Chabad Lubavitch of Pembroke Pines, Inc. v. GeoVera Specialty Ins. Co.*, 2021 U.S. Dist. LEXIS 214826 at *3 (S.D. Fla. Nov. 5, 2021) (finding that pre-suit "papers" do not trigger a defendant's notice of the removability of a case). Thus, the disputed amount at the time of removal drives this Court's jurisdiction rather than any offers or demands made pre-suit.

12. The notice of removal shall be filed within thirty (30) days after the defendant receives an initial pleading or from when it first ascertains that the case is removable. 28 U.S.C. § 1446 (b); *see Chabad*, 2021 U.S. Dist. LEXIS 214826 at *3 (S.D. Fla. Nov. 5, 2021).

### III.     THIS NOTICE OF REMOVAL IS TIMELY AND PROPER

13. QBE is a citizen of North Dakota and New York. The Plaintiffs are citizens of Florida. There is complete diversity of citizenship, and has been at all times from the date the Complaint was filed through the present date. By filing this Notice of Removal, QBE consents to the removal of this case from state to federal court.

14. Where a complaint does not allege the specific amount of damages, removal is appropriate upon a showing by a preponderance of the evidence that the amount in controversy

exceeds $75,000, exclusive of interest and costs. *See Michelin N. Am., Inc.*, 613 F.3d at 1061; *see also Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2009 U.S. Dist. LEXIS 115564 (M.D. Fla. Dec. 10, 2009).

15. The Plaintiffs filed a statutorily-required Notice of Intent to Initiate Litigation with the Florida Department of Financial Services. *See* B. This Notice indicates a disputed amount of $246,386.00, which is supported by the Plaintiffs' damages estimates. *See* B. Even considering QBE's limited coverage, which falls below the Policy's the Policy's $20,000 deductible, the amount is controversy well exceeds the $75,000 jurisdictional threshold.

16. This Notice of Removal is filed within 30 days of May 19, 2023, and is therefore timely. 28 U.S.C. §1446(c); *see* Fed. R. Civ. P. 6(a).

17. As the Notice of Removal was filed within thirty days and this case involves a controversy in excess of $75,000 between citizens of different states, removal is proper.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on the Plaintiffs' counsel, and a Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Broward County, Florida.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
vcortesi@hinshawlaw.com
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
squade@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will be sent by electronic mail to counsel for the Plaintiff.

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309
2525 Ponce de Leon Blvd.
Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
vcortesi@hinshawlaw.com
eriesgo@hinshawlaw.com
squade@hinshawlaw.com
*Attorney for QBE*